**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **IN RE:** | ) | **CHAPTER 13** |
| **FODAY VEER SINGHATEH** | ) | **CASE: A17-60113-JRS** |
| | ) | |
| | ) | |
| **DEBTOR** | ) | |

**CHAPTER 13 TRUSTEE'S OBJECTION TO CONFIRMATION**
**AND MOTION TO DISMISS CASE**

COMES NOW, Nancy J. Whaley, the Standing Chapter 13 Trustee herein, and objects to Confirmation of the plan for the following reasons:

1.

The Debtor's payments under the proposed plan are not current, thus indicating that this plan is not feasible. 11 U.S.C. Section 1325(a)(6).

2.

The Chapter 13 Trustee requests proof of the post-petition mortgage payments of $1,227.00 per month in order to determine feasibility of proposed plan pursuant to 11 U.S.C. 1325(a)(6).

3.

The Debtor's Schedule J proposes to make monthly charitable contributions in the amount of $87.00. The Debtor should provide written evidence sufficient to establish a consistent pattern of contributing prior to and after the filing of the instant case. 11 U.S.C. Section 1325(b)(2)(A).

4.

The Trustee requests proof of the automobile payment of $608.00 per month in order to determine the accuracy and veracity of the plan and/or Schedules. 11 U.S.C. Section 521(1), 11 U.S.C. Section 1325(a)(3), and 11 U.S.C. Section 1325(b)(1)(B).

5.

The Trustee requests proof of the date the Debtor received his tax refund and an itemization of Debtor's use of the tax refund. If payments were made to creditors or if assets were purchased, the Trustee requests proper disclosure of those items on the Debtor's statements and schedules. 11 U.S.C. Section 521(1), 11 U.S.C. Section 1325(a)(3), and 11 U.S.C. Section 1325(b)(1)(B).

6.

The Chapter 13 petition and schedules fail to disclose a life insurance policy and a timeshare, in violation of 11 U.S.C. Section 521.

7.

The Debtor has failed to respond to the business related questions on the Statement of Financial Affairs, which are required for any self-employed person, partner (other than limited partner), or sole proprietor, thereby preventing the Trustee from evaluating feasibility in violation of 11 U.S.C. Section 1325(a)(6) and 11 U.S.C. Section 521(a)(1)(B)(iii).

8.

Schedule H fails to provide the name and/or address of the Co-Debtor on the debt owed to World Omni Financial Corporation.

WHEREFORE, the Trustee moves the Court to inquire into the above objections, deny Confirmation of the Debtor's plan, and to dismiss the case.

This the 21st day of July, 2017.

Respectfully submitted,

/s/_____
Julie M. Anania
Attorney for the Chapter 13 Trustee
State Bar No. 477064

## CERTIFICATE OF SERVICE

Case No:  A17-60113-JRS

This is to certify that I have this day served the following with a copy of the foregoing Chapter 13 Trustee's Objection To Confirmation And Motion To Dismiss Case by depositing in the United States mail a copy of same in a properly addressed envelope with adequate postage thereon.

**Debtor(s)**
FODAY VEER SINGHATEH
4466 PIPEMAKER BLUFF
DOUGLASVILLE, GA  30135

**By Consent of the parties,** the following have received an electronic copy of the foregoing Chapter 13 Trustee's Objection To Confirmation And Motion To Dismiss Case through the Court's Electronic Case Filing system.

**Debtor(s) Attorney:**
CLARK & WASHINGTON, P.C.
ecfnotices@cw13.com

This the 21st day of July, 2017.

/s/_____
Julie M. Anania
Attorney for the Chapter 13 Trustee
State Bar No. 477064
303 Peachtree Center Avenue, NE
Suite 120
Atlanta, GA 30303